Battle, J.
This bill was filed by the «executors of the láte Dr. Frederick J. Hill, for the purpose of obtaining the advice and direction of the Court as to the true meaning and effect of certain clauses of his will. The case has been fairly presented to us by the plaintiffs’ counsel, and we are satisfied that the construction contended for by him is correct.
The bequest in favor of the slaves, mentioned in the pleadings, was manifestly for their quasi emancipation, without being carried from the State, and is, therefore* void as being against the often declared policy of‘the law. See, an\ong other cases, Lea vs. Brown, 8 Jones’ Eq., 141. The residuary clause in favor of the testator’s wife is shown, by .the same case of Lea vs. Brown, to be a special one, which does not include the slaves nor the legacies intended to be given for their benefit. The effect of this* is that the said slaves, and thd legacies intended for them,' are undisposed of, and go to the next of kin ; forming, however, the primary fund for the payment of debts and general legacies. Kirkpatrick vs. Rogers, 7 Ire. Eq., 44, Swann vs. Swann, 5 Jones’ Eq., 299.
As the land directed to be provided for the slaves, can not be appropriated for those purposes, it cannot be purchased at all; and this disposes of all the questions asked in relation to it. So far as the money, with which the purchase was directed to be made, as well as the money *84 with which it was,directed to be stocked,, is concerned, it is the same as if that clause was stricken from the trill.
The'act of 1860, ch. 39, which prohibits the emaneipation of slaves- by will, need not be. invoked in aid of this-eonstruction, which we have put upon the will, as the result will be the same without it¡. „
A decree may be df&wn in accordance with this opinion.